**STINSON LLP**
Richard J.L. Lomuscio
100 Wall Street, Suite 201
New York, New York 10005
Telephone:     646-883-7471
richard.lomuscio@stinson.com

*Attorneys for i360, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee*, JANE DOE-1, *a law enforcement officer,* JANE DOE-2*, a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>            Plaintiffs*,*<br><br>     v.<br><br>i360, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants*.* | Civil Action No.:_____<br><br>**NOTICE OF REMOVAL** |

**LOCAL RULE 10.1 STATEMENT**

Pursuant to L.Civ.R. 10.1, this action is brought by Plaintiff ATLAS DATA PRIVACY CORPORATION ("Atlas"), a corporation with its principal place of business at 201 Montgomery Street, Jersey City, New Jersey 07302; together with Plaintiffs JANE DOE-1, JANE DOE-2, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, all natural persons with unknown addresses domiciled in the State of New Jersey. Plaintiffs are represented by: Rajiv D. Parikh and Kathleen Barnett Einhorn of the law firm Genova Burns LLC, 494 Broad Street,

1

Newark, New Jersey 07102; and John A Yanchunis and Ryan J. McGee of the law firm Morgan & Morgan Complex Litigation Group, 201 North Franklin Street, 7th Floor, Tampa, Florida 33602.

Defendant i360, LLC ("Defendant") maintains its principal place of business at 2300 Clarendon Boulevard, Suite 800, Arlington, Virginia 22201.  Defendant is represented by Richard J.L. Lomuscio of Stinson LLP, 100 Wall Street, New York, New York 10005.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.  In support, Defendant states the following grounds for removal:

1. On February 8, 2024, Plaintiff Atlas, together with unnamed Plaintiffs Jane Doe-1 and Jane Doe-2 (together, the "Unnamed Plaintiffs") and individual Plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively, the "Individual Plaintiffs" and, together with the Unnamed Plaintiffs and Atlas, the "Plaintiffs") filed an action in the Superior Court of New Jersey, Mercer County, captioned, *Atlas Data Privacy Corporation, et al. v. i360, LLC, et al.* (Case No. MER-L-000297-24) (the "Action").

2. Plaintiffs assert one cause of action for violation of N.J.S.A. 47:1A-1, *et seq.* and N.J.S.A. 56:8-166.1 ("Daniel's Law").  Plaintiffs' Complaint, together with all other documents comprising the record below, are attached hereto as **Exhibit 1**.

3. The Individual and Unnamed Plaintiffs allege that Defendant violated Daniel's Law by allegedly failing to comply with a request to remove certain of their information from Defendant's online platform within ten (10) business days of requests to do the same.  *See* Ex. 1, Complaint, *passim*.

CORE/3530819.0002/188380478.3

4. Atlas asserts claims for violation of Daniel's Law as alleged assignee of the claims of an additional 19,627 persons (collectively, the "Covered Persons"). *See* Ex. 1, Complaint, at ¶ 26. Specifically, Atlas alleges that "all" of the 19,627 Covered Persons submitted a request to Defendant to remove certain of their information from Defendant's online platform pursuant to Daniel's Law. *Id.* at ¶ 51. Atlas alleges that "all" of those Covered Persons assigned their Daniel's Law claims to Atlas. *Id.* at ¶ 30 ("In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas."). Atlas seeks to recover on the alleged Daniel's Law claims assigned to it by the Covered Persons.

5. Defendant removes this action to the United States District Court for the District of New Jersey because there is more than $75,000 in controversy in this Action and complete diversity exists between the parties: the Individual Plaintiffs and Unnamed Plaintiffs are citizens of the State of New Jersey; Atlas is a citizen of the States of New Jersey and Delaware; and Defendant is a citizen of the State of Kansas.

## I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6. On February 27, 2024, Plaintiffs served the Complaint on Defendant. *See* **Exhibit 2** (Sworn Declaration of Sheetal Kadia), at ¶ 4. As such, this Notice of Removal is timely filed on March 28, 2024, within thirty (30) days as required by 28 U.S.C. § 1446(b).

7. The United States District Court for the District of New Jersey, Trenton vicinage, encompasses Mercer County where the Complaint was filed. Therefore, venue is proper pursuant to 28 U.S.C. § 110 because this is the Court "embracing the place where [the] [A]ction is pending." *See* 28 U.S.C. § 1441(a).

CORE/3530819.0002/188380478.3

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THE ACTION.

8. Defendant removes this Action pursuant to 28 U.S.C. § 1332(a), which states, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." "Diversity is measured as of the time of filing of the complaint." *Hickox v. Christie*, 205 F.Supp.3d 579, 603 n. 18 (D.N.J. 2016).

### A. The Action Places More than $75,000 in Controversy.

9. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Farrell v. FedEx Ground Package System, Inc.*, 478 F.Supp.3d 536, 540 (D.N.J. 2020) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 (2014); quotations omitted). "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Id.* In support of its showing, a removing defendant may rely on the pleadings, "affidavits, depositions, and other documents relevant to the value of the claims." *See Cilone v. Wal-Mart Stores, Inc.*, No. 05-CV-5819, 2006 WL 8457569, at *2 (D.N.J. Feb. 8, 2006) (citations and quotations omitted).

10. "The amount in controversy is determined by a 'reasonable reading' of the rights being litigated." *See McCall v. New Prime, Inc.*, No. 12-02442, 2012 WL 3782436, at *1 (D.N.J. Aug. 31, 2012) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). The jurisdictional minimum appropriately includes attorney's fees and punitive damages when recoverable under applicable law. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007).

CORE/3530819.0002/188380478.3

11. Defendant disputes that Plaintiffs have stated any viable claim, and that any damages whatsoever are owed to Plaintiffs. Plaintiffs' Complaint does not specifically allege an amount in controversy. See Ex. 1, Complaint, *passim*. It is apparent, however, from the nature of the claim asserted and the relief requested (*e.g.*, statutory damages, punitive damages, and attorneys' fees) that the amount in controversy exceeds $75,000.

12. Daniel's Law states that: "The court shall award: (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act; (2) punitive damages upon proof of willful or reckless disregard of the law; (3) reasonable attorney's fees and other litigation costs reasonably incurred; and (4) any other preliminary and equitable relief as the court determines to be appropriate." N.J.S.A. § 56:8-166.1(c).

13. Applied here, the minimum statutory damages sought by Atlas and the other Individual and Unnamed Plaintiffs establish the amount in controversy requirement. Atlas seeks statutory damages in the amount of at least $19,627,000, as assignee of the Covered Persons' alleged Daniel's Law claims (*i.e.*, $1,000 per alleged Daniel's Law violation for each of the 19,627 Covered Persons who assert that they submitted a takedown request and who allegedly assigned their claims to Atlas). See Ex. 1, Complaint, Prayer for Relief, ¶ B (seeking not less than $1,000 in damages for each violation); and N.J.S.A. § 56:8-166.1(c)(1). The other eight (8) plaintiffs also assert statutory damages for alleged Daniel's Law violations. *Id.* Altogether, Plaintiffs seek a minimum of $19,635,000 of statutory damages in this action.

14. Plaintiffs also seek punitive damages. See Ex. 1, Complaint, Prayer for Relief, ¶ C; and N.J.S.A. § 56:8-166.1(c)(2). "When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Hardy v. Tharrington*, No. 22-CV-01342, 2023 WL 2477741, at *5 (D.N.J. Jan. 17,

2023) (citing *Packard*, 994 F.3d at 1046; quotations omitted). "And if appropriately made, claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Id.* (citing *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008); alterations and quotations omitted). Thus, the amount-in-controversy requirement is also satisfied because Plaintiffs seek punitive damages pursuant to Daniel's Law.

15. Plaintiffs also seek attorneys' fees. *See* Ex. 1, Complaint, Prayer for Relief, ¶ D; and N.J.S.A. § 56:8-166.1(c)(3). Where available by statute, the Court "must consider potential attorneys' fees." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3rd Cir. 1997). "Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Id.* (citation omitted). Daniel's Law provides for recovery of attorneys' fees, and so under *Chrysler*, the Court should consider them in determining that the amount-in-controversy requirement is satisfied.

16. As a result of the statutory damages, punitive damages, and attorneys' fees sought by Plaintiffs pursuant to Daniel's Law, this Action places more than $75,000 in controversy. The amount-in-controversy requirement is therefore satisfied.

### B.     Complete diversity exists because all Plaintiffs are diverse from Defendant.

17. Plaintiffs are citizens of Delaware and New Jersey. Defendant is a citizen of Kansas. As such, complete diversity exists between the parties to the Action, and removal is appropriate.

#### 1.     *Plaintiffs are Citizens of Delaware and New Jersey.*

18. For diversity purposes, an individual is a citizen of the State in which he is domiciled. *See* 28 U.S.C. § 1332. "[T]he domicile of an individual is his true, fixed and permanent home and

CORE/3530819.0002/188380478.3

place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973); quotations omitted).

19. The party asserting diversity jurisdiction has the burden to establish the citizenship of the parties by preponderance of the evidence. *See McCann*, 458 F.3d at 286 (citations omitted). "In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Id.* (quotations and citations omitted). A party's employment in a state "is at least suggestive" that they are also domiciled in that state. *See Santiago v. Fed. Express Freight, Inc.*, No. 14-5081, 2015 WL 6687617, at *3 (D.N.J. Oct. 30, 2015).

20. The Unnamed Plaintiffs and the Individual Plaintiffs are diverse from Defendant. Here, the preponderance of the evidence demonstrates that the Unnamed Plaintiffs are citizens of the State of New Jersey. For example, the Complaint discloses that Plaintiff JANE DOE-1 "is a decorated veteran police officer working in Northern New Jersey." *See* Ex. 1, Complaint, at ¶ 15. The Complaint similarly discloses that Plaintiff JANE DOE-2 "lives in Northern New Jersey[.]" *Id.* at ¶ 16. Moreover, the information submitted by Plaintiffs through the New Jersey eCourts System lists each Unnamed Plaintiffs' "State" as "NJ" (*i.e.*, New Jersey).

21. The preponderance of the evidence also establishes that each of the Individual Plaintiffs are citizens of the State of New Jersey. *See* Ex. 1, Complaint, at ¶ 17 (Plaintiff Edwin Maldonado is or was employed by the "Plainfield, New Jersey police department"); *id.* at ¶ 18 (Plaintiffs Scott Maloney and Justyna Maloney "live together in New Jersey"); *id.* at ¶ 22 (Plaintiff Patrick Colligan "is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey"); *id.* at ¶ 23 (Plaintiff Peter Andreyev "is a 32-year veteran of the Point Pleasant, New

CORE/3530819.0002/188380478.3

Jersey police department"); *id.* at ¶ 24 (Plaintiff William Sullivan "is an 18-year veteran of the New Jersey Department of Corrections"). And, again, the information submitted by Plaintiffs through the New Jersey eCourts System lists each Individual Plaintiffs' "State" as "NJ" (*i.e.*, New Jersey).

22. Finally, the Complaint discloses that each Unnamed Plaintiff and Individual Plaintiff either is or was a police officer or correctional officer for the State of New Jersey. *See* <u>Ex. 1</u>, Complaint, at ¶¶ 15-18, 22-24. New Jersey law requires that "member[s] of a police department and force [ ] be a resident of the State of New Jersey while serving in such position." *See* N.J.S.A. § 40A:14-122.8. The Department of Corrections requires that its officers "possess a valid New Jersey driver's license." *See Correctional Police Officer Recruitment*, DEPARTMENT OF CORRECTIONS, https://www.nj.gov/corrections (follow "Officer Recruitment" hyperlink) (accessed Mar. 27, 2024).

23. Atlas is also diverse from Defendant. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). As disclosed in the Complaint, Atlas "is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." *See* <u>Ex. 1</u>, Complaint, at ¶ 25. The Complaint does not disclose any other location in which Atlas maintains an office. *See* <u>Ex. 1</u>, Complaint, *passim.* Thus, Atlas is a citizen of the States of Delaware and New Jersey, because it is "a Delaware Corporation" and maintains its principal place of business in New Jersey. *See, e.g.*, *McKinney v. S & S Trucking, Inc.*, 885 F. Supp. 105, 106 (D.N.J. 1995) (defendant "has its principal place of business in New York state as its only office is located there").

### 2. *Defendant is a Citizen of Kansas.*

24. Defendant is diverse from all Plaintiffs. "For the purpose of establishing diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members." *Coastal Jersey Holdings, LLC v. Giordano*, No. 22-CV-02024, 2023 WL 7545301, at *4 n. 5 (D.N.J. Nov. 14, 2023) (quotations and citations omitted). And "where an LLC has, as one of its members, another LLC, the citizenship of the unincorporated associations must be traced through however many layers of . . . members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citing *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003); quotations omitted).

25. Defendant is a limited liability company with one member, i360 Holdings, LLC ("i360 Holdings"), which owns 100 percent of the membership interests of Defendant. *See* Ex. 2, at ¶ 5. i360 Holdings is a limited liability company with one member, Demeter Analytics Holdings, LLC ("Demeter"), which owns 100 percent of the membership interests of i360 Holdings. *See id.* at ¶ 6. Demeter is a limited liability company with one member, Koch Industries, Inc. ("Koch Industries"), which owns 100 percent of the membership interests of Demeter. *See id.* at ¶ 7. Koch Industries is a corporation incorporated under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas. *See id.* at ¶ 8. Thus, for diversity purposes, Defendant is a citizen of the State of Kansas. *See, e.g.*, *Sarwar v. BMW of North America, LLC*, No. 18-16750, 2020 WL 13886436, at *3 n. 5 (D.N.J. Nov. 13, 2020).

26. Plaintiffs name as defendants "Richard Roes 1-10 and ABC Companies 1-10" (collectively, the "Fictitious Defendants") which it notes "are fictitious names of currently unknown individuals/entities that were also involved with the violations described in th[e] Complaint who have not yet been identified[.]" *See* Ex. 1, Complaint, at ¶ 38. Defendant provides no identifying

information with respect to the Fictitious Defendants. Their existence is irrelevant for purposes of determining diversity because, pursuant to 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of [ ] jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002) (disregarding the citizenship of defendants given "partially fictitious names" for diversity purposes); *Fabricant v. Intamin Amusement Rides Int. Corp. Est.*, No. 19-12900, 2019 WL 3315496, at *2 (D.N.J. July 24, 2019) ("[T]he citizenship of the[ ] fictitiously named Defendants does not destroy diversity jurisdiction.").

27. As such, because Plaintiffs are citizens of the States of Delaware and New Jersey, and Defendant is a citizen of the State of Kansas, complete diversity exists between the parties.

### III. CONCLUSION

In this Action, there is more than $75,000 in controversy and there exists complete diversity between the parties. As such, and for the reasons stated herein, Defendant respectfully removes this Action from the Superior Court of New Jersey, Mercer County, to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332(a). A civil cover sheet is annexed hereto as **Exhibit 3**. Defendant's L.Civ.R. 11.2 and 201.1 certification is annexed hereto as **Exhibit 4**.

Dated: March 28, 2024

Respectfully submitted,

*/s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio
STINSON LLP
100 Wall Street, Suite 201
New York, New York 10005
Telephone:   646-883-7471
richard.lomuscio@stinson.com

*Attorneys for i360, LLC*