

**Jessica A. Merejo, Esq.**
Senior Associate
jmerejo@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1973.567.7832

March 2, 2026

**VIA ECF**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

      Re:  In re: Daniel's Law Compliance Litigation
         Civil Action Nos. 24-11023 (Spy Dialer)
            24-4037 (We Inform)
            24-4041 (Infomatics)
            24-4045 (The People Searchers)
            24-4075 (DM)
            24-4080 (Deluxe)
            24-4096 (Delvepoint)
            24-4103 (Yardi)
            24-4143 (Civil Data)
            24-4160 (Scalable Commerce)
            24-4174 (Labels & Lists)
            24-4176 (Innovis)
            24-4178 (Accurate)
            24-4256 (Zillow)
            24-4261 (Equimine)
            24-4269 (Thomson Reuters)
            24-4292 (Melissa Data Corp.)
            24-4324 (Restoration of America)
            24-4345 (i360)
            24-4383 (Accuzip)
            24-4389 (Joy Rockwell)
            24-4434 (eMerges)
            24-4664 (RocketReach)
            24-4949 (Belles Camp)
            24-5658 (Searchbug)
            24-5656 (Alesco)
            24-5775 (Amerilist)

4117090.1

One Boland Dr., Ste. 101, West Orange, N.J. 07052 | www.pemlawfirm.com | 225 W. 34th St., 9th Floor, Ste. 8298, NY, NY 10122

Hon. Harvey Bartle, III, U.S.D.J.
March 2, 2026
Page **2** of **5**



                                      **24-5600 (Property Radar)**
                                      **24-7324 (U.S. Data)**
                                      **24-8075 (Smarty)**
                                      **24-8451 (College Bound)**
                                      **25-0237 (Peoplewhiz)**
                                      **25-1517 (Greenflight)**
                                      **25-9224 (Freedomsoft)**

Dear Judge Bartle:

       This firm represents plaintiffs, Atlas Data Privacy Corporation, as assignee of individuals who are covered persons under N.J.S.A. 56:8-166.1(d); and the individual plaintiffs (collectively, "Plaintiffs"), in the above-referenced matters pending before this Court. Plaintiffs respectfully submit this letter to provide a status update regarding the entry of confidentiality orders in the above-captioned actions pursuant to the Court's directive that Defendants advise Plaintiffs on or before January 21, 2026—and as subsequently extended by Text Orders dated February 17, 2026, February 24, 2026—whether the District of New Jersey's standard form confidentiality order was agreeable.

       As set forth below, the matters presently fall into the following categories:

1. Matters resolved by settlement in which confidentiality orders are no longer necessary;
2. Matters in which mutually agreeable confidentiality orders have been entered or are pending entry;
3. Matters in which meet-and-confer discussions remain ongoing; and
4. Matters in which the parties have reached an impasse or Defendants have failed to comply with the Court's January 21, 2026 Order.

**1. Settled Matters**

       As of the date of this filing, the additional matters have been resolved by settlement:

- Belles Camp Communications Inc. ("Belles Camp") (No. 24-4949); and
- Greenflight Venture Corp. ("Greenflight") (No. 25-1517)**.**

       Plaintiffs respectfully submit for the Court's review and approval a Stipulation of Dismissal as to Defendant Belles Camp (No. 24-4949). (Attached as Exhibit A). A stipulation of dismissal in the Greenflight matter (No. 24-4261) matter is forthcoming and will be filed promptly.

4117090.1

Hon. Harvey Bartle, III, U.S.D.J.
March 2, 2026
Page **3** of **5**



In light of these settlements, confidentiality orders in the foregoing matters are no longer necessary.

2. **Entered or Pending Confidentiality Orders**[1]

   Confidentiality Orders have been entered in the following matters:

   - E-merges.com, Inc. ("E-merges") (No. 24-4434)[2];
   - Equimine, Inc. ("Equimine") (No. 24-4098);
   - Yardi Systems, Inc. ("Yardi") (No. 24-4103).[3]

   The following Defendants have confirmed their agreement to the District of New Jersey's standard form confidentiality order or a mutually agreeable proposed confidentiality order, including:

   - Amerilist, Inc. ("Amerilist") (No. 24-5775).
   - College Bound ("College Bound") (No. 24-8451);
   - Smarty, LLC ("Smarty") (No. 24-8075);
   - i360, LLC ("i360") (No. 24-4345); and

   Plaintiffs respectfully enclose for the Court's review and approval proposed Confidentiality Order in the College Bound (No. 24-8451) matter (attached as Exhibit B). Plaintiffs intend to file the remaining agreed-upon confidentiality orders promptly upon final confirmation from Defendants Amerilist (No. 24-5775), Smarty (No. 24-8075) and i360 (No. 24-4345).

3. **Ongoing Meet—and Confer Discussions**

   Meet-and-confer discussions remain ongoing in the following matters, and Plaintiffs respectfully request a final extension through Friday, March 6, 2026 to conclude those discussions:

   - Accuzip Inc. (No. 24-4383);

---

[1] Prior to the Court's January 21, 2026 Order, confidentiality orders were entered on or about May 14, 2025 for the following pending matters against Defendants Equimine (No. 24-4261), ECF No. 56), Delvepoint LLC (No. 24-4096, ECF No. 66), Melissa Data Corp., (No. 24-4292, ECF No. 65), Spy Dialer Inc. (No. 24-11023, ECF No. 26), Peoplewhiz, Inc. (No. 25-0237, ECF No. 25), We Inform, LLC (No. 24-4037, ECF No. 57, the People Searchers LLC (No. 24-4045, ECF No. 56), Infomatics LLC(No. 24-4041, ECF No. 57).

[2] The Confidentiality Order in the E-merges matter was entered on February 17, 2026. (*See* ECF No. 88).

[3] The Confidentiality Order in the Yardi matter was entered on February 10, 2026 (*See* ECF No. 10).

4117090.1

Case 1:24-cv-04324-HB   Document 101   Filed 03/03/26   Page 4 of 18 PageID: 1985

Hon. Harvey Bartle, III, U.S.D.J.
March 2, 2026
Page **4** of **5**



- The Alesco Group, L.L.C. (No. 24-5656);
- Joy Rockwell Enterprises (No. 24-4389);
- Searchbug, Inc. (No. 24-5658);
- U.S. Data Corp. (No. 24-7324);
- Zillow, Inc. (No. 24-4256);

The parties have been conferring in good faith in an effort to reach mutually agreeable confidentiality orders.

**4. Impasse or Non-Compliance**

As previously advised, several Defendants declined to agree to the District of New Jersey form confidentiality order and instead provided proposed revisions. Despite good-faith efforts, the parties have reached an impasse regarding the terms of confidentiality orders in the following matters:

- DM Group, Inc. (No. 24-4075);
- Deluxe Corp. (No. 24-4080);
- Property Radar, Inc. (No. 24-5600);
- RocketReach, LLC (No. 24-4664);
- Innovis Data Solutions, Inc. (No. 24-4176); and
- Thomson Reuters Corp. (No. 24-4269).

Among the issues on which the parties were unable to reach agreement are (i) Atlas Data Privacy Corporation's and its in-house counsel's access to materials designated as "Competitor Information," and (ii) provisions governing the use of artificial intelligence in connection with these proceedings.

In addition, notwithstanding the Court's January 21, 2026 Order, as ext3ended by subsequent Text Orders, Plaintiffs have not received Defendants' positions regarding the proposed confidentiality order in the following matters:

- Accurate Append, Inc. (No. 24-4178);
- Civil Data Research, LLC (No. 24-4143);
- Digital Safety Products, LLC (No. 24-4141);
- Freedomsoft303, LLC (No. 25-9224);
- Labels & Lists, Inc. (No. 24-4174);
- Restoration of America (No. 24-4324); and
- Scalable Commerce, LLC (No. 24-4160).

4117090.1

www.pemlawfirm.com

Hon. Harvey Bartle, III, U.S.D.J.
March 2, 2026
Page **5** of **5**



   Accordingly, absent resolution, Plaintiffs intend to file motions for protective orders on or before Friday, March 13, 2026 as to the foregoing Defendants. Plaintiffs remain available to provide any additional information the Court may require.

              Respectfully submitted,

              **PEM LAW LLP**
              *Attorneys for Plaintiffs*

              <u>s/ Jessica A. Merejo</u>
              JESSICA A. MEREJO

JAM/
Encl.
cc: All counsel of record (via ECF)

4117090.1

# EXHIBIT A

| | |
|---|---|
| **PEM LAW LLP**<br>Rajiv D. Parikh, Esq. (032462005)<br>Jessica A. Merejo, Esq. (288592020)<br>1 Boland Drive, Suite 101<br>West Orange, New Jersey 07052<br>Tel.: (973) 577-5500<br>Email: rparikh@pemlawfirm.com<br>         jmerejo@pemlawfirm.com<br><br>*Attorneys for Plaintiffs* | **BLANK ROME LLP**<br>*A Pennsylvania LLP*<br>STEPHEN M. ORLOFSKY<br>New Jersey Resident Partner<br>PHILIP N. YANNELLA<br>THOMAS P. CIALINO<br>300 Carnegie Center, Suite 220<br>Princeton, NJ 08540<br>Telephone: (609) 750-2646<br>Facsimile: (609) 897-7286<br>Stephen.Orlofsky@BlankRome.com<br>Philip.Yannella@BlankRome.com<br>Thomas.Cialino@BlankRome.com<br><br>*Attorneys for Defendant, Belles Camp Communications, Inc.* |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN,<br><br>                Plaintiffs,<br><br>                    v.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>                Defendants. | Civil Action No. 1:24-cv-04949-HB<br><br>**STIPULATION OF VOLUNTARY DISMISSAL** |

Pursuant to F. R. Civ. P. 41, it is hereby stipulated and agreed, by and between Plaintiffs, Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1,

a law enforcement officer, Jane Doe-2, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively "Plaintiffs") and Defendant Belles Camp Communications Inc. ("Defendant"), by and through their undersigned counsel that this matter is dismissed with prejudice without costs.

The Parties, and any other person subject to the terms of the agreement dated January 5, 2026, agree that this Court shall retain jurisdiction over it and them for purpose of enforcing the terms of the agreement.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:   /s/ *Jessica A. Merejo*
         JESSICA A. MEREJO

**BLANK ROME LLP**
*Attorneys for Defendants.*

By:   /s/ *Philip N. Yannella*
         PHILIP N. YANNELLA

Dated: March 2, 2026

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*,<br><br>    Plaintiffs,<br>            vs.<br><br>COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP,, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | Civ. Action No. 24-cv-08451<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      This Confidentiality Order shall apply to all documents, information, testimony, and materials in any form that may be produced by any party or non-party to the Litigation that contain Confidential or Attorneys' Eyes Only material and are designated in accordance with the procedures set forth herein ("Protected Material"). This Confidentiality Order is binding upon the parties to the Litigation, including their corporate parents, shareholders, subsidiaries, partners, principals, members, successors, associates, and affiliates, if applicable, and their respective counsel, agents, representatives, officers, employees, experts, non-party witnesses, assignors, assignees, and any other persons or entities subject to or bound by the terms of this Order.

2.      Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall

4115592.1

mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

3. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

4. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court. All confidential and Attorneys' Eyes Only material shall be used solely for the purposes of the prosecution or defense of this action and shall not be used, disclosed, referenced, or relied upon in any other litigation, arbitration, administrative proceeding, or other matter of any kind without the prior written consent of the producing party or further Order of the Court.

5. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

  e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  g. The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

  h. Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

  a. Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

  b. Relevant In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

  c. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

  d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

  e. The Court and court personnel;

      f.      Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

      g.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

      h.      Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

      i.      To such other persons as counsel for the producing party agrees or as ordered by the Court.

8.      Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 7. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9.      With respect to any deposition that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party may designate the entire transcript as Confidential or Attorneys' Eyes Only either on the record during the deposition or in advance thereof, or, in the alternative, may designate specific portions of the transcript as Confidential or Attorneys' Eyes Only by identifying the applicable page and line numbers within thirty (30) days after receipt of the transcript. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days or any extended period as agreed upon by the parties, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

10.      If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      a.      Counsel for the objecting party shall serve on the designating party or non party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no written response is made to the objection within 30 days, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

      b.      If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.      Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

12.      All personally identifiable information, including home address or phone numbers, of plaintiffs or assignors, regardless of source, shall be designated as "Confidential" and shall only be filed with the Court under seal pursuant to Local Civil Rule 5.3.

13.      If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

14.      Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

15.      The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

16. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

17. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

18. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.

19. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

20. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney

work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

22. Notwithstanding anything to the contrary, the court, after notice, may modify or vacate this order in the interest of justice.

23. The Court shall retain jurisdiction over all persons and entities subject to this Confidentiality Order for the purpose of enforcing this Order and for granting such relief as may be authorized by law or in equity for any violation of its terms, including following the termination of this action.

**IT IS SO ORDERED.**

DATED: January \_\_\_, 2026

---

HONORABLE HARVEY BARTLE III, U.S.D.J.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PETER ANDREYEV,<br><br>      Plaintiffs,<br>vs.<br><br>PUBLICNSA, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | Civ. Action No. 1:25-cv-05989-HB<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

**Agreement to be Bound by Discovery Confidentiality Order**

I, _____, being duly sworn, state that:

    1. My address is _____.

    2. My present employer is _____.

    3. The address of my present employment is _____.

    4. My present occupation or job description is _____.

    5. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Protected Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

7. I will limit the use of Protected Material disclosed to me solely for purpose of this action.

8. No later than the final conclusion of the case, I will return all Protected Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____     Signature: _____

Name Printed:_____