STINSON

Matthew D. Moderson
**PARTNER**
DIRECT: 816.691.2736
matt.moderson@stinson.com

*Via Electronic Filing*

November 13, 2026

Honorable Harvey Bartle III
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re: *Atlas Data Privacy Corporation, et al. v. i360, LLC* (Case No. 1:24-cv-04345-HB)
i360's Response to Plaintiffs' November 10, 2026 Letter

Dear Judge Bartle:

Stinson LLP represents Defendant i360, LLC ("i360") in the above-referenced action. We write in response to Plaintiffs' November 10, 2026 letter (the "Letter"). *See* ECF No. 119. We write only to address those portions of the Letter that concern i360.

Plaintiffs served scorchingly broad, multi-part discovery requests in violation of the Court's order. *See* ECF No. 115 at ¶¶ 2-3 (admonishing the parties to "act in good faith to serve as many standard interrogatories and requests for production as possible," and stating explicitly that the 25-interrogatory limit "includ[es] subparts"). i360 timely served its written responses to Plaintiffs' discovery requests on November 3, 2026. Simultaneously, i360 sent Plaintiffs a letter requesting a meet and confer to discuss i360's concerns with Plaintiffs' discovery and the need for an ESI protocol. *See* Exhibit 1. Plaintiffs did not respond to i360's meet-and-confer letter or propose a time to discuss.

Instead, in violation of the Court's order and the Local Rules, Plaintiffs rushed ahead with submitting their Letter to the Court. The Court's order dated September 9, 2026 requires the parties to meet-and-confer before filing motions to compel. *See* ECF No. 115 at ¶ 6. In a similar way, the District of New Jersey's Local Rules require Counsel to "confer to resolve any discovery dispute." L. Civ. R. 37.1(a)(1). Plaintiffs disregarded these requirements. *See id.*; *see also Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 143 (3d Cir. 2011) (affirming denial of motion to compel where counsel "contravened Rule 37 . . . by filing the motion without first having attempted to confer in good faith").

As it concerns the ESI protocol, i360 cannot produce documents until it knows *how* those documents are to be produced and handled by the Plaintiffs. Discussions about an ESI protocol have been occurring between Plaintiffs and coordinating counsel at Troutman for nearly two months. On October 14th, Troutman proposed that the parties use the standard District of New Jersey ESI protocol. Plaintiffs did not accept that proposal or i360's later invitation to discuss an ESI protocol in this action.

This is not the first time that Plaintiffs have raced to the Court with a premature discovery dispute.[1] The Court should deny Plaintiffs' request for relief and enter an order requiring Plaintiffs to complete the meet-and-confer process before filing any further discovery letters or requests to the Court.

We thank the Court for its attention to this matter.

Respectfully Submitted,

**Stinson LLP**

Matthew D. Moderson

Enclosure

cc: All Counsel of Record

---

[1] On August 28, 2026, Plaintiffs filed a motion to compel certain defendants to participate in an ESI conference. *See* ECF No. 113. In that motion, Plaintiffs wrongfully accused i360 of failing to respond to their request for a conference and suggested that i360 was not complying with the Court's orders. In fact, i360 sent proposed dates for an ESI conference, and Plaintiffs never responded. At i360's request, Plaintiffs withdrew their motion to compel against i360, citing an "inadvertent oversight." *See* ECF No. 114.